IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


LOUIS R. CARITE, JR.                                         PLAINTIFF

VS.                                 CIVIL ACTION NO. 3:05CV493-WHB-JCS

HINDS COUNTY, MISSISSIPPI AND
SHERIFF MALCOLM MCMILLIN,
INDIVIDUALLY AND HIS OFFICIAL
CAPACITY                                                    DEFENDANTS


OPINION AND ORDER

This cause is before the Court on Defendants' Motion for Summary Judgment.  Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion for Summary Judgment is well taken and should be granted.

I.   Factual Background and Procedural History

This case is brought pursuant to 42 U.S.C. § 1983.  The facts of the case are straight forward and undisputed.  Plaintiff Louis Carite was found guilty of civil contempt for non-payment of child support and other monetary obligations arising out of the divorce from his former wife, Barbara Carite.  An Order of Incarceration was filed in the Chancery Court of the First Judicial District of Hinds County, Mississippi on October 15, 2003.  Pursuant to that Order, Carite was incarcerated at the Hinds County Penal Farm

(hereinafter "Penal Farm") from October 17, 2003, until August 11, 2004.

During his incarceration at the Penal Farm, Carite agreed to be assigned to various work details so that he would not have to remain in his cell up to twenty-three hours per day.  To qualify for the work assignments, Carite was required to sign a form titled "VOLUNTARY WAIVER AND CONSENT FOR WORK ASSIGNMENT" (hereinafter "Voluntary Waiver")  Carite signed the Voluntary Waiver on October 29, 2003.  The verbiage of Voluntary Waiver makes it clear that Carite was not forced to perform work while he was an inmate at the Penal Farm.  That is, he clearly volunteered for the work assignments.

The subject suit was filed in this Court on August 10, 2005. The claims in the Complaint are that Defendants Hinds County, Mississippi and Sheriff Malcolm McMillin deprived Plaintiff of his rights guaranteed by the Thirteenth and Fourteenth Amendments to the United States Constitution.  The claims are founded at least in part on the fact that Carite was provided no compensation for the work he performed while incarcerated at the Penal Farm.  The subject Motion for Summary Judgment was filed by Defendants on May 17, 2006.  That Motion is now ripe for consideration.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate

3

"specific facts showing that there is a genuine issue for trial."
Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Analysis

To begin this analysis, the provisions of 42 U.S.C. § 1983 must be set forth.  Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The rights and privileges for which Carite was allegedly deprived of by Defendants were: (1) the right to be free from involuntary servitude, as guaranteed by the Thirteenth Amendment to the United States Constitution; and (2) the right to be free from property deprivation without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution. The Court begins by considering the Thirteenth Amendment claim.

The Thirteenth Amendment was added to the United States Constitution in 1865, soon after the conclusion of the American Civil War. Section 1 to that Amendment states "[n]either slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States...." The obvious inherent nature of this prohibition is that the servitude in question must be _involuntary_. In this case, Carite unquestionably volunteered for all work assignments in issue. The voluntary nature of the work assignments was memorialized in writing, and signed by Carite. These facts are not in dispute. Therefore, the Court finds that Plaintiff's claim under the Thirteenth Amendment must be dismissed. See Brooks v. George County, Mississippi, 84 F.3d 157, 162 (5th Cir. 1996)(holding that no involuntary servitude results when an inmate

desires "to leave the jail and choose to work as the price for that right.").[1]

Next considered is Carite's Fourteenth Amendment claim for deprivation of property without due process of law.  Section 1 of the Fourteenth Amendment states in part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or _property_, without due process of law[.]" (Emphasis added).  The property for which Carite was allegedly wrongfully deprived was monetary payment for the work he performed while an inmate at the Penal Farm.

The first issue that must be addressed is whether Carite had a legal right to payment for the work he performed; i.e., whether he had a "property right" to payment.  "[T]he United States Constitution does not create property rights[.]" Brooks, 84 F.3d at 163.  Therefore, Carite must look to Mississippi state law to establish such a right. See id.

Notwithstanding the fact that Carite volunteered for work detail in return for being able to leave the jail facility, he contends that under various code sections in Title 47, Chapter 1 of

---

[1]Carite appears to make an argument that because he was incarcerated for civil contempt rather than a criminal conviction, he was not incarcerated "as punishment for crime whereof the party shall have been duly convicted[.]" Therefore, Carite continues, he was entitled to wages for his work.  This issue need not be addressed because the Court finds that Carite volunteered for the work assignments in issue.

the Mississippi Code, he had a property interest in payment for his work services.  However, the statutes cited by Carite pertain to required payment for work performed by _pretrial detainees_ (§ 47-1-13), and required credit for assessed _fines and penalties_ based on work performed by those convicted of crimes (§ 47-1-47).  Carite was not a pretrial detainee, and he was not working off an assessed fine or penalty.  The Court therefore finds that Carite had no property interest in the wage claim which forms the basis of his Fourteenth Amendment claim.  Accordingly, this claim must be dismissed on summary judgment.

The Court finally finds that no genuine issues of material fact are presented by any of Carite's claims.  The case must therefore be dismissed.

## IV.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (docket entry no. 18) is hereby granted.  A Final Judgment will be entered which dismisses this case with prejudice.

SO ORDERED this the 21st day of July, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

tct